UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DOMINADOR TORNE, | Case No.: 2:09-cv-2445-RLH-RJJ |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss–#10; Motion to Dismiss–#12; Motion for a More Definite Statement–#15) |
| REPUBLIC MORTGAGE LLC; RICHARD WOODBURY CEO et al.; US BANK NATIONAL ASSOCIATION; CSFB MORTGAGE SECURITIES CORPORATION; WILDE & ASSOCIATES; GREGORY WILDE; MARK S. BOSCO; and DOES 1–100, | |
| Defendants. | |

Before the Court is Defendant Wilde & Associates and Mark Bosco's ("Wilde & Associates") **Motion to Dismiss** (#10), filed February 18, 2010.  The Court has also considered Plaintiff Dominador Torne's Opposition (#15), filed March 25, 2010.  Wilde & Associates did not file a reply.

Also before the Court is Defendant U.S. Bank National Association's **Motion to Dismiss** (#12), filed March 11, 2010.  The Court has also considered Plaintiff's Opposition (#15), filed March 25, 2010, and U.S. Bank's Reply (#18), filed April 12, 2010.

Also before the Court is Plaintiff's **Motion for a More Definite Statement** (#15), filed March 25, 2010.  The Court has also considered Wilde & Associates' Opposition (#16), filed April 8, 2010 and U.S. Bank's Opposition (#18), filed April 12, 2010.  Plaintiff did not file a reply.

/

1

AO 72
(Rev. 8/82)

**BACKGROUND**

Plaintiff Dominador Torne, who is representing himself in this lawsuit, purchased the real property located at 491 Delamere Way in Las Vegas, Nevada through two home mortgage loans with Republic Mortgage. Sometime after the loan transactions were complete, the loans were apparently transferred a number of times to a number of different parties. Plaintiff stopped making his mortgage payments in December 2008. On April 13, 2009, Mortgage Electronic Registration Systems ("MERS"), who is not a party to this action, filed a notice of default and election to sell the property.

On December 9, U.S. Bank purchased the property at a non-judicial foreclosure sale. On December 30, Plaintiff filed suit in this Court against Republic Mortgage, Richard Woodbury (the CEO of Republic Mortgage), U.S. Bank, CSFB Mortgage Securities Corporation, Wilde & Associates, Gregory Wilde, and Mark Bosco. Plaintiff alleges numerous state and federal claims against these Defendants. Now before the Court is Wilde & Associates and U.S. Bank's motions to dismiss and Plaintiff's motion for a more definite statement. For the reasons discussed below, the Court grants the motions to dismiss and denies the motion for a more definite statement.

**DISCUSSION**

**I.    Plaintiff's Motion for a More Definite Statement**

Plaintiff captions his opposition to Defendants' motions to dismiss as "Motion to Dismiss Should be Denied and More Definitive Answer Regarding Promissory Note." In the text of Plaintiff's opposition, however, he does not make a request for a more definite statement or even argue that any of Defendants' statements are vague and need to be clarified. To the extent Plaintiff seeks a more definitive statement from Defendants, this motion is denied.

**II.    Wilde & Associates and U.S. Bank's Motions to Dismiss**

Plaintiff's complaint is difficult to understand and for the most part devoid of material facts. Plaintiff lists the following causes of action in the caption of his complaint: (1)

absent a loan of cash, there is no debt; (2) request for promissory note; (3) violation of generally accepted accounting principles; (4) violation of the federal Real Estate Settlement Procedures Act ("RESPA"); (5) violation of the Truth in Lending Act ("TILA"), (6) violation of the Fair Debt Collection Practices Act ("FDCPA"); and (7) violation of the Fair Credit Reporting Act ("FCRA"). In the body of his complaint, however, Plaintiff does not list these claims or allege facts relating to each claim specifically. Nonetheless, in an effort to give Plaintiff the benefit of every doubt, the Court considers each claim carefully in light of the facts alleged throughout the complaint.

### A.    Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." While a pleading generally need not contain detailed allegations, it must allege sufficient facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not allege sufficient facts to raise a right to relief above the speculative level if it contains nothing more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Instead, in order to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Ashcroft v. Iqbal*, the Supreme Court provided a two-step approach for district courts to apply when considering motions to dismiss. First, the court must accept as true all factual allegations in the complaint. *Id.* at 1950. A court does not, however, assume the truth of legal conclusions merely because the plaintiff casts them in the form of factual allegations. *Id.* at 1950; *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Mere recitals of the elements of a cause of action, supported only by conclusory statements, also do not suffice.

1  *Iqbal*, 129 S. Ct. at 1949.  Second, the court must consider whether the factual allegations in the
2  complaint allege a plausible claim for relief.  *Id*. at 1950.  "A claim has facial plausibility when the
3  plaintiff pleads factual content that allows the court to draw a reasonable inference that the
4  defendant is liable for the alleged misconduct." *Id.* at 1949.  Thus, where the complaint does not
5  permit the court to infer more than the mere possibility of misconduct, the complaint has
6  "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks
7  omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible,
8  plaintiff's complaint must be dismissed.  *Twombly*, 550 U.S. at 570.
9        The Court also notes the well-established rule that *pro se* complaints are subject to
10 "less stringent standards than formal pleadings drafted by lawyers" and should be "liberally
11 construed." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).
12     **B.**    **Absent a Loan of Cash, There is No Debt**
13       Plaintiff claims his loan from Republic Mortgage is invalid because Republic
14 Mortgage made the loan with credit rather than with direct cash.  This argument has been
15 summarily rejected by courts throughout the country and there is no reason for the Court to revisit
16 such an unfounded claim for relief.  *See, e.g., Nixon v. Individual Head of St. Joseph Mortgage
17 Co.*, 615 F. Supp. 898, 899–900 (C.D. Ind. 1985) (rejecting claim that a loan is only valid if made
18 with cash rather than "credit or checkbook money"); *Stickland v. A Mortgage Co.*, 179 B.R. 979,
19 981–82 (Bankr. N.D. Ga. 1995) (rejecting argument that loans must be made with cash because
20 "the check given to defendant . . . was . . . redeemable by the United States")*.*  The Court therefore
21 dismisses this claim.
22     **C.**    **Request for Promissory Note**
23       Plaintiff alleges Defendants wrongfully foreclosed on the property because they did
24 not produce the promissory note prior to instituting non-judicial foreclosure proceedings.  This
25 claim fails as a matter of law.  As this Court has previously held, nothing in NRS 107.80 requires
26 lenders or servicers to produce the note to the property in order to proceed with a non-judicial

4

foreclosure. *Ernestberg v. Mortgage Investors Group*, 2009 WL 160241 (D. Nev. 2009). Accordingly, the Court dismisses this claim for relief.

### D. Violation of Generally Accepted Accounting Principles

Plaintiff alleges Defendants violated generally accepted accounting principles ("GAAP") when they processed and transferred his mortgage loans. This claim fails as a matter of law because violation of GAAP is not an actionable claim in Nevada. The Court therefore dismisses this claim.

### E. Violation of RESPA and TILA

Plaintiff alleges in the caption of his complaint that Defendants violated TILA and RESPA. In the complaint itself, however, Plaintiff does not state a valid claim for relief under either of these statutes. First, the body of the complaint contains no reference to TILA or to any alleged failure on the part of Defendants to make disclosures that could possibly be actionable under TILA. Second, Plaintiff mentions RESPA only twice in his complaint, stating: "Defendants have no right to title or interest in said premises or lien thereon as well as according to RESPA sent to Defendant" and "all monies paid into the alleged account through the entire life of the loan [should] be returned to Plaintiff as per RESPA." (Dkt. #1, Compl, 33–34.) These assertions are vague, conclusory, and confusing, and they do not state facts establishing that Plaintiff is entitled to relief under RESPA. Accordingly, in order to find that Plaintiff has stated claims under either TILA or RESPA, the Court would have to speculate regarding facts that are not pled the complaint. Because this kind of speculation is not permitted under *Twombly*, the Court dismisses Plaintiff's TILA and RESPA claims.

### F. Fair Debt Collection Practices Act

Plaintiff also alleges Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(a)(6). The FDCPA only applies to debt collectors, which are defined as parties whose primary purpose is the "collection of . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6). Under the statute, the term debt collector does

5

not include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." *Id.* § 1692(a)(6)(A).  Courts have widely held that mortgage servicing companies are not debt collectors under the statute unless the mortgage was in default at the time it was assigned. *Perry v. Stewart Title Co.*, 756 F.2d 1187, 1208 (5th Cir. 1985); *Williams v. Countrywide Home Loans, Inc.* 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007).

Plaintiff's FDCPA claims fails because he does not allege facts indicating that any Defendant qualifies as a debt collector under this statute.  The most obvious debt collector here would appear to be Republic Mortgage, the mortgage lender; but Plaintiff does not claim that Republic Mortgage made any attempt to recover delinquent mortgage payments.  In fact, based on the complaint, it appears that Republic Mortgage transferred the mortgage loans before Plaintiff fell behind on his mortgage payments.  Plaintiff has also failed to adequately allege facts to indicate that the other Defendants could be liable as servicers of the loans.  Plaintiff does not indicate which Defendants serviced the loans, and he does not allege that the original loans were transferred *after* he was already in default.  Without these factual allegations, Plaintiff's claim for relief under the FDCPA is entirely speculative.  Accordingly, Plaintiff's claim fails as a matter of law.

### G. Fair Credit Reporting Act

Plaintiff alleges in the caption of his complaint that Defendants violated the Fair Credit Reporting Act ("FCRA").  In the complaint itself, Plaintiff alleges Defendants reported his missed payments to a credit bureau despite "not being allowed to report it."  (Dkt. #1, Compl. 34.) FCRA regulates three separate entities: (1) consumer reporting agencies; (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies.  15 U.S.C. § 1681. Furnishers of information (which Defendants would be here) can be liable under the FCRA only if they receive notice from the credit reporting agency that the plaintiff disputes the negative report and then they fail to comply with their statutory duties. *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002).

1    Given this notice requirement, Plaintiff's FCRA claim fails as a matter of law. Nowhere in his complaint does Plaintiff claim he informed the credit reporting agency that he disputed the Defendants' alleged report; instead, he rests his entire claim on the allegation that Defendants were "not allowed" to report him to any credit agencies but did so anyway. This is not sufficient to state a claim under the FCRA. Because Plaintiff does not allege that any of the Defendants were informed that he disputed the report, his FCRA claim must be dismissed.

**H.   Other Claims**

At the end of his complaint, Plaintiff also lists a number of "counts charged": (1) collection attempts under color of law; (2) conspiracy to commit extortion; (3) securities fraud; (4) conversion theft of title; (5) 42 U.S.C. civil rights breaches; (6) deprivation of constitutional rights and privileges (42 U.S.C. § 1983); (7) conspiracy to deprive persons of equal protection of the laws; (8) deprivation of equal rights under the law (42 U.S.C. § 1981); (9) conspiracy against rights (18 U.S.C. § 241); (10) deprivation of rights under color of law; (11) false statements and representation (18 U.S.C. § 1001).

None of these claims survive Defendants' motion to dismiss. Here, Plaintiff has done nothing more than list the statutes or common law claims as "counts charged." Nowhere in the complaint does Plaintiff even attempt to allege facts to support these causes of action. In order to state a viable claim against Defendants, Plaintiff must do more than list the claims he purports to bring. Accordingly, the Court finds that none of Plaintiffs "counts charged" state a valid claim for relief.

**III.   Remaining Defendants**

As stated above, the Court grants Wilde & Associates and U.S. Bank's motions to dismiss. The remaining Defendants—Republic Mortgage, Richard Woodbury, CSFB Mortgage Securities Corp., and Gregory Wilde—have not moved to dismiss Plaintiff's claims. Nonetheless, the Court sua sponte dismisses these Defendants from this lawsuit and closes this case. The Court does so because Plaintiff does not allege separate facts relating to the individual Defendants. His

entire complaint lumps all Defendants together, apparently indicating that all Defendants acted in unison.  Although this is probably not the case, the fact that remains that Plaintiff has failed to state a valid claim against any Defendant in this case.  Accordingly, the Court concludes it is in the interest of justice and judicial economy to dismiss the remaining Defendants from this case.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant Wilde & Associates' Motion to Dismiss (#10) is GRANTED.

IT IS FURTHER ORDERED that Defendant U.S. Bank National Association's Motion to Dismiss (#12) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for a More Definite Statement (#15) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's claims are DISMISSED as to all Defendants.

The Clerk of the Court is ordered to close this case.

Dated: May 10, 2010.

_____
**ROGER L. HUNT**
**Chief United States District Judge**